Dependency and Neglect—Termination of Parental Rights—Indian Child Welfare Act Inquiry Provisions.
            The Montrose Department of Health and Human Services (Department) initiated a dependency and neglect petition on behalf of C.A. At the initial hearing, the trial court asked the parties generally if the child was a Native American and if the child had any Native American heritage. Father said he did not, and mother offered no response. Father and mother were not represented by counsel at this time. The Department ultimately moved to terminate mother’s and father’s parental rights. The Department’s motion did not state the efforts the Department made to determine if C.A. is an Indian child and the trial court did not inquire on the record whether the child is an Indian child. Following a contested hearing, the trial court terminated parental rights and determined that the child was not subject to the Indian Child Welfare Act (ICWA). 
 On appeal, mother contended that the trial court did not comply with the ICWA’s inquiry provisions. The Court of Appeals concluded that when a trial court inquires at an initial temporary custody hearing at the commencement of a dependency and neglect proceeding whether there is a reason to know that a child is an Indian child, it must make another inquiry when termination is sought, at least when the court has not already identified the child as an Indian child and the petitioning party has not disclosed what efforts it has made to determine if the child is an Indian child.
            Because the record did not show that the trial court made the proper inquiry at the termination proceeding, the case was remanded for the limited purpose of making the ICWA inquiry. The trial court was further directed to make appropriate findings and proceed accordingly with any actions necessary to comply with ICWA. In addition, Court of Appeals gave the parties detailed directions to take further actions, based on the trial court’s determination, within a specified timeframe.